UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
BRICKLAYERS INSURANCE AND WELFARE                          :
FUND, BRICKLAYERS PENSION FUND,                            :
BRICKLAYERS SUPPLEMENTAL ANNUITY                           : **MEMORANDUM**
FUND, BRICKLAYERS AND TROWEL                               : **DECISION AND ORDER**
TRADES INTERNATIONAL PENSION FUND,                         :
NEW YORK CITY AND LONG ISLAND JOINT                        : 12 Civ. 2003 (BMC)
APPRENTICESHIP AND TRAINING FUN,                           :
INTERNATIONAL MASONRY INSTITUE, and                        :
JEREMIAH SULLIVAN, JR., in his fiduciary                   :
capacity as Administrator, BRICKLAYERS                     :
LOCAL 1, INTERNATIONAL UNION OF                            :
BRICKLAYERS AND ALLIED CRAFT                               :
WORKERS, and BRICKLAYERS LABOR                             :
MANAGEMENT RELATIONS COMMITTEE,                            :
                                                           :
                    Plaintiffs,                            :
                                                           :
        -against-                                          :
                                                           :
EURO-BUILD CONSTRUCTION CORP.,                             :
                                                           :
                    Defendant.                             :
                                                           :
---------------------------------------------------------- X
**COGAN**, District Judge.

Before me is plaintiffs' motion for default judgment. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs, affiliated entities of the Bricklayers labor organization, its employee benefit plans, and the plans' administrator and fiduciary, have brought this action against defendant Euro-Build Construction Corp. ("Euro-Build") for relief pursuant to Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29

U.S.C. § 185. Plaintiffs allege that Euro-Build has failed to make contributions and remittances to the benefit plans and the labor organization in violation of a collective bargaining agreement.

Plaintiffs commenced this action by filing a Complaint and Summons on April 24, 2012, and served Euro-Build with a copy on July 2, 2012. Plaintiffs filed proof of service with the Court on July 5, 2012. Euro-Build has not answered or otherwise appeared in this action, and the time to do so has expired. On August 1, 2012, the Clerk of the Court entered default against Euro-Build pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

### I.  Damages

In light of Euro-Build's default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rule 55(b)(2) provides that when granting a default judgment, a court may conduct a hearing if it is necessary to "determine the amount of damages" or to "establish the truth of any allegation by evidence." According to the Second Circuit, however, it is not necessary to conduct a hearing if a district court has "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal quotation marks omitted).

In support of their motion for default judgment, plaintiffs submitted the affidavits of Viorel Kuzma, a staff member of the payroll compliance department at Schultheis & Panettieri, LLP, Certified Public Accountants, and Jeremiah Sullivan, President of the International Union

of Bricklayers & Allied Craftworkers Local 1 of New York ("Local 1") and a named plaintiff in this action.[1] These affidavits exhibit a copy of the collective bargaining agreement and audit reports showing Euro-Build's unpaid contributions.

I find these submissions to be sufficient evidence to form the basis for an award of damages against Euro-Build and in favor of the employee benefit plans[2] in an amount of $6,798.18. This represents damages for the categories provided in §1132(g)(2) of ERISA as follows:

    (a)    $4,604.04 in unpaid contributions for the month of April 2010;
    (b)    $923.33 in interest (plus additional pre-judgment interest accruing from July 1, 2012, at a daily rate of $1.26, to be calculated by the Clerk of the Court when Judgment is entered);
    (c)    $920.81 in liquidated damages; and
    (d)    $350 in costs.

Additionally, I find these submissions to be sufficient evidence to form the basis for an award of damages against Euro-Build and in favor of Local 1, the International Union of Bricklayers and Allied Craft Workers, and the Bricklayers Labor Management Relations Committee in the amount of $406.70. This represents damages under Section 310(a) of the LMRA as follows:

    (a)    $344.52 in unpaid contributions and dues for the month of April 2010;
    (b)    $62.18 in interest (plus additional pre-judgment interest accruing from July 1, 2012, at a daily rate of $.08, to be calculated by the Clerk of the Court when Judgment is entered).

---

[1] Plaintiffs also submitted the affidavit of Elizabeth Kuriyama, a paralegal employed by the law firm of Doar Rieck Kaley & Mack; however, this affidavit attests to the adequacy of service.

[2] These plans are Bricklayers Insurance and Welfare Fund, Bricklayers Pension Fund, Bricklayers Supplemental Annuity Fund, Bricklayers and Trowel Trades International Pension Fund, New York City and Long Island Joint Apprenticeship and Training Fund, and the International Masonry Institute.

## II. Injunctive Relief

Plaintiffs also request in their complaint that the Court order defendant to submit to an audit of its books and records for the payroll periods beginning April 1, 2011, and continuing to the present, and to further pay any delinquencies shown to be due as a result of this audit. Although plaintiffs make no mention of this requested relief in their notice of motion for default judgment or in their memorandum of law in support, they include it in their proposed order. I therefore address this request here.

The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that he is entitled to injunctive relief under the applicable statute, and that he meets the prerequisites for the issuance of an injunction. See La Barbera v. Bestech Transport, LLC, No. CV 07-4699, 2011 U.S. Dist. LEXIS 40131, at *14-15 (E.D.N.Y. Mar. 8, 2011); Local 348 Health & Welfare Fund v. Milmar Food Group, LLC, No. CV-05-3459, 2006 U.S. Dist. LEXIS 19756, at *18 (E.D.N.Y. Mar. 24, 2006). Injunctive relief is available under § 1132 of ERISA, see La Barbera, 2011 U.S. Dist. LEXIS 40131, at *15, and it may also be available under Section 301 of the LMRA, see Mason Tenders Dist. Council of Greater N. Y. v. G & C Constr. Safe. Inc., No. 10 Civ. 3399, 2011 U.S. Dist. LEXIS 20720, at *26-27 (S.D.N.Y. Feb. 8, 2011). However, in either case, plaintiffs must establish irreparable harm and the absence of an adequate remedy at law. See Amoco Prod. Co. v. Vill. Of Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987) (stating the "fundamental principle that an injunction is an equitable remedy that does not issue as of course," but only upon a showing of "irreparable injury and inadequacy of legal remedies"). Because plaintiffs have failed to make any showing as to these necessary elements, their request for injunctive relief is denied.

4

## CONCLUSION

The motion for a default judgment is granted in part and denied in part. The Clerk is directed to enter judgment in the amount of $6,798.18 on behalf of the employee benefit plans and $406.70 on behalf of Local 1, the International Union of Bricklayers and Allied Craft Workers, and the Bricklayers Labor Management Relations Committee, plus interest as set forth above.

**SO ORDERED.**

s/ BMC<br>
U.S.D.J.

Dated: Brooklyn, New York
       August 23, 2012